UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELVIN ANTWAN MAGETT,

      Petitioner,                                     Case Number 08-12269
                                                             Honorable David M. Lawson

v.

THOMAS BELL,

      Respondent,
_____/

## OPINION AND ORDER DENYING REQUEST TO REMOVE PETITIONER'S POST-CONVICTION MOTION FROM STATE COURT TO FEDERAL COURT AND DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Kelvin Antwan Magett, presently confined at the Straits Correctional Facility in Kincheloe, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted by a jury in the Genesee County Circuit Court of two counts of second-degree murder and one count of possession of a firearm in the commission of a felony. The petitioner was sentenced to twenty five to fifty years for the second-degree murder convictions and received a consecutive two year prison term on the felony-firearm conviction. The petitioner alleges that there was insufficient evidence to convict him of second-degree murder and that he was deprived of the effective assistance of counsel at trial and on appeal.

The petitioner currently has a post-conviction motion for relief from judgment pending before the Genesee County Circuit Court, in which he raises the same grounds for relief that he raises in this petition. The petitioner has also requested that his post-conviction motion be removed from the state courts to the federal courts, pursuant to 28 U.S.C. §§1443 and 1446. For the reasons stated below, petitioner's request for removal of his state post-conviction motion for relief from

judgment to this Court is denied. The Court further finds that petitioner's claims have yet to be exhausted with the state courts. Accordingly, the petition for writ of habeas corpus is dismissed without prejudice.

I.

The petitioner was convicted in the Genesee County Circuit Court, and his convictions were affirmed on direct appeal. *People v. Magett,* No. 178838 (Mich. Ct. App. August 27, 1996), *lv. den.* 455 Mich. 857, 567 N.W.2d 246 (1997). By the petitioner's own admission, none of the claims that the petitioner raises in his habeas application were raised on his direct appeal.

On April 14, 2008, the petitioner filed a post-conviction motion for relief from judgment pursuant to Michigan Court Rule 6.500, with the Genesee County Circuit Court. It is unclear whether this is the petitioner's first or subsequent post-conviction motion for relief from judgment or a subsequent motion. On April 18, 2008, petitioner filed a Notice of Removal with the Genesee County Circuit Court, in which he seeks to have his pending post-conviction motion removed to this Court. On May 16, 2008, petitioner filed the instant petition for writ of habeas corpus, in which he seeks habeas relief on the two grounds that he raises in his post-conviction motion that is currently pending in the state courts.

II.

The petition for writ of habeas corpus is subject to dismissal because petitioner has yet to complete the exhaustion of his claims with the state courts.

As an initial matter, petitioner has no right to have his pending state post-conviction motion removed from the state courts to the federal court. Only defendants are authorized to remove a case from state court to federal court, not plaintiffs. Under the plain language of 28 U.S.C. §§ 1441 and

1446, the privilege of removal extends only to defendants and not to plaintiffs. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *McCane v. McCane,* 47 F. Supp. 2d 848, 851 (E.D. Mich. 1999). Therefore, petitioner is not entitled to have his pending state post-conviction motion removed from the state court to the federal court. *See United States ex rel. Hamilton v. Maroney,* 355 F. 2d 441, 442 (3rd Cir. 1966) (no basis for removal of pending habeas corpus proceeding from state courts to federal courts); *Russell v. Caruso,* 2007 WL 3232126, *2 (W.D. Mich. October 30, 2007) (declining to permit removal of post-conviction motion from state courts to federal courts). Accordingly, the request for removal is denied.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-278 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). Federal courts will not review a habeas corpus petition when a state prisoner has not first presented his claims to the state courts and exhausted all state court remedies available to him. *Rogers v. Howes*, 144 F. 3d 990, 992 (6th Cir. 1998). The exhaustion requirement for habeas petitions is satisfied if a prisoner completes one round of the state's established appellate review process, including a petition for discretionary review with the state supreme court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 839-40, 845 (1999). This means that a prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F.

Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

In the present case, petitioner's post-conviction motion is currently pending before the Genesee County Circuit Court. A habeas petition should be denied on exhaustion grounds where a state post-conviction motion remains pending in the state courts. *Juliano v. Cardwell*, 432 F. 2d 1051, 1051 (6th Cir. 1970); *Haggard v. State of Tenn.,* 421 F. 2d 1384, 1386 (6th Cir. 1970). The petitioner admits that if his motion is construed as a petition for a writ of habeas corpus, the "Court will undoubtedly dismiss the habeas petition."

Moreover, assuming that the trial court were to deny petitioner's post-conviction motion, petitioner would still be required to present his claims to the Michigan appellate courts in order to exhaust his claim for purposes of federal habeas review. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial court's denial of his state post-conviction motion, the petitioner has failed to exhaust his state court remedies. *See Cox v. Cardwell,* 464 F. 2d 639, 644-45 (6th Cir. 1972).

In the present case, because petitioner has yet to appeal any denial of his post-conviction motion to the Michigan Court of Appeals or to the Michigan Supreme Court, he has failed to satisfy the exhaustion requirement. *See e.g. Paffhousen v. Grayson,* 238 F. 3d 423, 2000 WL 1888659, *2 (6th Cir. December 19, 2000) (petitioner failed to fairly present his claims in his Rule 6.500 motion, when he failed to appeal the denial of the motion to the Michigan Court of Appeals and the Michigan Supreme Court)*; see also Mohn,* 208 F. Supp. 2d at 800.

Petitioner acknowledges that he has yet to exhaust his claims with the state courts, but appears to argue that he should be excused from exhausting his state court remedies, because Michigan's post-conviction statute, Mich.Ct.R. 6.500, *et. seq.,* provides "no real or legitimate corrective process" and Michigan courts are allegedly known for "judicial runaround."

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *See also Sitto,* 207 F. Supp. 2d at 676. A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

In *Lucas v. Michigan*, 420 F.2d 259, 261 (6th Cir.1970), the Sixth Circuit waived the exhaustion requirement based upon its finding that the state corrective process for a habeas petitioner to exhaust his Fourth Amendment claims was ineffective where the Michigan courts had repeatedly refrained from deciding whether the United States Supreme Court's holding in *Mapp v. Ohio*, 367 U.S. 643 (1961) superceded a provision of the Michigan Constitution. The Sixth Circuit concluded that in such a circumstance, such a "judicial runaround" was not required. *Id.* at 262.

By contrast, petitioner is not claiming, as was the case in *Lucas*, that the Michigan courts repeatedly have misapplied federal law on the issue on which the petitioner bases his petition. *C.f. Lucas*, 420 F.2d at 261 (holding that exhaustion was excused "where the state court had ruled contrary to the petitioner's contentions, when there was no indication that the court was prepared to depart from its former course of decisions"). Instead, he claims that the state courts do not fairly protect his Constitutional rights. However, the exhaustion requirement "is based on the presumption

that states maintain adequate and effective remedies to vindicate federal constitutional rights." *Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005) (citing *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992)). "[T]he mere anticipation of an adverse decision will not excuse a failure to exhaust, nor will the lack of probability of success." *Lucas*, 420 F.2d at 261. The exception to the exhaustion requirement is not satisfied by a habeas petitioner's expectation that a state court will rule against him. *United States ex. rel. Centanni v. Washington*, 951 F. Supp. 1355, 1365 (N.D. Ill. 1997); *see also Porter v. White,* 2001 WL 902612, * 2 (E.D. Mich. August 6, 2001).

In determining whether the futility exception to the exhaustion requirement applies, the "pertinent question" is not whether the state court would be inclined to rule in the habeas petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim. *Spreitzer v. Schomig*, 219 F. 3d 639, 647 (7th Cir. 2000) (quoting *White v. Peters*, 990 F. 2d 338, 342 (7th Cir. 1993)). In this case, petitioner still has an available state court remedy to raise his claims in the form of a post-conviction motion for relief from judgment, therefore, he is not exempt from the exhaustion requirement. If the petitioner presents an appropriate petition to this Court following the exhaustion of remedies, the Court may grant him relief if the state courts' adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Court will therefore dismiss the instant petition without prejudice. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted

claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *see Rhines v. Weber,* 544 U.S. 269 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims for habeas review are unexhausted. Therefore, the Court will dismiss the petition while the petitioner pursues his claims in state court.

III.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is **DISMISSED without prejudice.**

It is further **ORDERED** that petitioner's request for removal of his state post-conviction motion from state courts is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 6, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 6, 2008.

s/Felicia M. Moses
FELICIA M. MOSES